OPINION *Page 2 
{¶ 1} Defendant Matt A. Grimm appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, entered in favor of plaintiff Mike Mitchell on his complaint for an accounting and distribution of the assets of their company, Privy, L.L.C. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT, MATT A. GRIMM IN GRANTING PLAINTIFF-APPELLEE MONETARY RELIEF IN THE AMOUNT OF SIX THOUSAND NINE HUNDRED NINETY ONE DOLLARS AND EIGHTY FOUR CENTS ($6,991.84) FOR HIS MEMBERSHIP INTEREST IN PRIVY, L.L.C. PLAINTIFF IS NOT ENTITLED TO RECEIVE ANY MONEY BECAUSE PLAINTIFF-APPELLEE'S CAPITAL ACCOUNT ON HIS TAX RETURN FILED AFTER THE DISSOLUTION OF PRIVY, L.L.C. SHOWED A ZERO BALANCE.
 {¶ 3} "II. THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN GRANTING PLAINTIFF-APPELLEE MONETARY RELIEF IN THE AMOUNT OF FOUR THOUSAND FOUR HUNDRED DOLLARS ($4400) FOR THE VALUE OF THE MACHINERY AND EQUIPMENT. WHEN DEFENDANT-APPELLANT REFINANCED THE NOTE AND PUT THE NOTE SOLELY IN HIS NAME AND RELIEVED PRIVY, L.L.C. OF ANY FURTHER DEBT OBLIGATIONS, IT WAS ESSENTIALLY A SALE OF THE EXCAVATION EQUIPMENT TO MR. GRIMM.
 {¶ 4} "III. THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN GRANTING PRE-JUDGMENT INTEREST. DEFENDANT-APPELLANT IS ENTITLED TO A COMPLETE AND ACCURATE *Page 3 
ACCOUNTING. DEFENDANT-APPELLANT SHOULD NOT BE PENALIZED FOR NOT PAYING OUT MONIES THE PLAINTIFF-APPELLEE BELIEVED WAS DUE UNTIL A COMPLETE AND ACCURATE ACCOUNTING COULD BE MADE IN THE CASE."
 {¶ 5} The record indicates appellant and appellee created Privy, L.L.C. in July 2002. Privy, L.L.C. was an excavation company. The parties began to disagree, and in May of 2003, closed the business and dissolved the company.
 {¶ 6} Appellee made an initial cash investment in Privy, L.L.C, and appellant brought certain excavation equipment. Appellant had an outstanding loan on the equipment, and Privy, L.L.C. refinanced the loan. Privy made nine payments on the loan. When Privy, L.L.C. ceased conducting business, appellant took back the equipment and refinanced the loan solely in his own name.
 {¶ 7} The matter was tried to the bench. Appellee asked the court for $16,211.84, representing the profits, various costs, and the value of the excavation equipment. Each party presented the testimony of a CPA. Appellee's CPA testified according to his calculations appellant owed appellee $6,991.84 as his share of the profits of the business. Appellant's CPA testified according to his calculations, appellant owed nothing to appellee.
 {¶ 8} The trial court found appellee is entitled to $6,991.84 plus one-half the equity in the excavation equipment, in the amount of $4,400.00.
 I. {¶ 9} In his first assignment of error, appellant argues the trial court's decision is against the manifest weight of the evidence. Appellant argues the trial court gave no *Page 4 
analysis in its judgment entry concerning how it arrived at the dollar amount it awarded to appellee. Appellant concedes the court accepted the figures from appellee's CPA.
 {¶ 10} Civ. R. 52 provides when questions of fact are tried by the court without a jury, the court may enter a general judgment for the prevailing party unless one of the parties requests findings of fact and conclusions of law. Appellant did not move the court for findings of fact and conclusions of law.
 {¶ 11} In Leikin Oldsmobile, Inc. v. Spofford Auto Sales, Lake App. No. 2000-L-202, 2002-Ohio-2441, the Court of Appeals for the Eleventh District found where the parties do not request findings of fact and conclusions of law, the court of appeals must presume the trial court applied the proper legal standard in evaluating the evidence, and must presume sufficient evidence was presented to support the trial court's judgment. The weight to be given the evidence and the witnesses' credibility are primarily for the trier of fact, Id. at paragraph 17, citations deleted.
 {¶ 12} Judgments supported by sufficient competent and credible evidence which goes to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence,CE. Morris Company v. Foley Construction (1978), 54 Ohio St. 3d 279. We have reviewed the record, and we find there is sufficient competent and credible evidence to support the trial court's judgment.
 {¶ 13} The first assignment of error is overruled.
 II. {¶ 14} In his second assignment of error, appellant takes issue with the methodology underlying the allocation of profits and assets. *Page 5 
 {¶ 15} Appellant argues appellee admitted he had no remaining interest in the company because on his 2002 Partnership Income Tax Form 1065 appellee reported his capital account balance as $0. Appellant cites R.C. 1705.11 as authority for the proposition a member may take a cash distribution only to the extent of his contributions. We find R.C.1705.11 refers to periodic disbursements from an on going company, not to distribution of assets upon its dissolution.
 {¶ 16} R.C. 1705.46 applies to the dissolution and liquidation of a limited liability company. Pursuant to the statute, unless the operating agreement specifies otherwise, the court should first satisfy the company's debts and liabilities, and then distribute the assets to the members first, for return of their contributions, and second, for their membership interest. In the case at bar, there was no operating agreement.
 {¶ 17} Appellant also challenges the court's treatment of the excavation equipment. As noted supra, the court made no findings of fact, but its award is in line with appellee's CPA's calculations. The value of the equipment was calculated using the book value of the equipment. Appellant argues this is the wrong standard, and the court should have used the fair market value of the equipment.
 {¶ 18} Appellant argues when the company assumed the debt on the equipment, this constituted a sale from him to the business and the purchase price was the amount owed on the loan. When appellant took the equipment back and assumed the debt on the equipment, this was again a sale from the company back to appellant, and the purchase price was again the amount owed on the loan. Privy had made nine payments, so the amount owed on the equipment was less when appellant took the equipment back. In effect, when appellant took the equipment back he paid less for it *Page 6 
than what Privy had originally paid him. Thus, appellant argues, the court should have recognized a net loss to Privy on the sale of the equipment.
 {¶ 19} Fair market value is "that price which would be agreed upon between a willing seller and a willing buyer in a voluntary sale on the market." Wray v. Stvartak (1997), 121 Ohio App. 3d 462, 700 N.E. 2d 347. We find there was evidence presented from which the court could find appellant did not buy the equipment back in an arms length transaction, at a fair market value, and for this reason, the court could find the book value is the appropriate standard.
 {¶ 20} Appellant also argues when he assumed the debt and took the equipment, he bestowed a benefit on appellee because appellee is no longer liable on the loan. Appellant argues if the transaction is not treated as a sale, he is deprived of his quid quo pro, and appellee receives a windfall. Because we find the court was correct in its valuation of the equipment, we reject appellant's argument.
 {¶ 21} Our review of the record leads us to conclude the trial court did not err. The second assignment of error is overruled.
 III {¶ 22} Appellant's final assignment of error challenges the court's award of prejudgment interest but his brief does not present any argument on this assignment of error. App. R. 12 provides this court may disregard an assignment of error if the party raising it fails to argue the assignment separately in the brief.
 {¶ 23} The third assignment of error is overruled. *Page 7 
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant. *Page 1